**Reversed and Rendered and Substitute Opinion filed November 6, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00194-CV

**PINNACLE PREMIER PROPERTIES, INC. AND PINNACLE REALTY ADVISORS, INC., Appellants**

**V.**

**GHISLAIN BRETON, CATHERINE DENICOURT AND DAVID ANDREIS, Appellees**

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2014-02397**

### S U B S T I T U T E   O P I N I O N

We issued our original opinion in this case on October 9, 2014. Appellees filed a motion for rehearing. We overrule the motion for rehearing, withdraw our previous opinion, and issue this substitute opinion.

In one issue in this interlocutory appeal, appellants Pinnacle Properties, Inc. and Pinnacle Realty Advisors, Inc. (collectively "Pinnacle") complain that the

district court lacked jurisdiction to enjoin Pinnacle from pursuing two eviction proceedings that were pending in justice court.[1]  Although a district court has jurisdiction to enjoin the exercise of a justice court's jurisdiction in an eviction proceeding when certain conditions are met, we conclude the district court erred in granting the temporary injunction because (1) the issues of title and possession were not intertwined and thus the justice court has exclusive jurisdiction over the issue of possession, and (2) appellees have an adequate remedy at law if their wrongful foreclosure claim is meritorious.

## *Background*

The facts are largely undisputed.  Melba and Howard Johnson executed a deed of trust (which was duly recorded in Harris County) on the subject property, at the time a vacant lot in the Houston Heights, to secure payment of a $77,500 note signed by Pinnacle Realty Advisors, Inc. and Melba.  Four years later, the Johnsons sold the property to Gold Quest Equity, LLC.  One month later, Gold Quest sold the property to KAVAC, LLC.  KAVAC subdivided the property into two lots, built houses on the lots, and sold one home to appellees Ghislain Breton and Catherine Denicourt and one home to appellee David Andreis.[2]  For unexplained reasons, the note was never paid off.

Melba defaulted under the note.  After sending foreclosure notices to the Johnsons, Pinnacle Realty Advisors assigned the note to Pinnacle Premiere Properties, which purchased the property at a foreclosure sale.[3]  Pinnacle Premiere

---

[1] Pinnacle brings this appeal under Texas Civil Practice and Remedies Code section 51.014(a)(4), which allows an appeal from a trial court's interlocutory order granting or refusing a temporary injunction.

[2] The lots with the homes apparently now are worth over $1,000,000 each.

[3] Appellees dispute that the foreclosure was conducted properly or that Pinnacle Realty Advisors was the holder of the note purportedly assigned to Pinnacle Premiere Properties. Appellees assert that Pinnacle Realty Advisors had assigned the note to Post Oak Bank and it

Properties sent notices to vacate the property to Melba "and All Occupants." Appellees contend this was the first time they became aware of the foreclosures. Pinnacle Premiere Properties then filed eviction (forcible detainer) proceedings in justice court.

After Pinnacle Premiere Properties filed its lawsuits, appellees filed the underlying lawsuit, asserting claims for trespass to try title and wrongful foreclosure and a suit to quiet title, and seeking an injunction preventing Pinnacle from proceeding with the eviction suits in justice court.[4] The district court signed a temporary restraining order and then a temporary injunction order preventing Pinnacle from proceeding with the eviction suits.

### *Discussion*

In one issue, Premiere contends the district court exceeded its jurisdiction in granting the temporary injunction. Appellees argue this is not a true jurisdictional challenge; rather, it is a challenge to the district court's grant of the temporary injunction, which we generally review for an abuse of discretion. *See, e.g., Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("The decision to grant or deny a temporary writ of injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of that discretion."). We agree that Premiere's complaint is viewed more properly as a challenge to the district court's grant of the injunction, but conclude that the trial court erred in granting the injunctive relief.

---

was never reassigned to Pinnacle Realty Advisors. We note this allegation is relevant only to appellees' wrongful foreclosure claim, discussed below. At the temporary injunction hearing, James Murnane, the owner of Pinnacle, testified he "pledged" or "transferred" the note to Post Oak Bank as collateral for a credit line. Murnane testified that Post Oak "gave [him] back the original note," but he did not remember how that was done. He said, "I believe I picked it up from them." It is unclear from the record whether the note was ever reassigned to Pinnacle.

[4] Appellees nonsuited their trespass to try title claim after this appeal was filed.

3

**I.     Although there are some jurisdictional issues involved in our analysis, this appeal is properly characterized as a challenge to the district court's order granting the temporary injunction.**

Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located. *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.). A justice court has exclusive jurisdiction to decide the issue of immediate possession, which may not be infringed upon as long as the justice court merely determines possession. *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.). Although a justice court has exclusive jurisdiction to hear a forcible detainer action, a district court may enjoin the exercise of the justice court's jurisdiction in a forcible detainer action when there is a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984).

We generally review a district court's grant of such an injunction for an abuse of discretion. *See id.* Although an abuse of discretion does not occur when the trial court heard conflicting evidence and substantive, probative evidence reasonably supports the trial court's decision, we will apply a de novo standard of review when the issue turns on a pure question of law.[5] *See Tenet Health Ltd. v. Zamora*, 13 S.W.3d 464, 468-69 (Tex. App.—Corpus Christi 2000, pet. dism'd w.o.j.) (citing *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996)); *see also Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex. App.—Houston [14th Dist.] 2007,

---

[5] When consideration of evidence is required, we view it in the light most favorable to the trial court's order, indulging every reasonable inference in favor of the trial court's determination. *LasikPlus of Tex., P.C. v. Mattioli*, 418 S.W.3d 210, 216 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

no pet.) ("[A]s the trial court functions as the fact finder in a temporary injunction hearing, an abuse of discretion does not exist where the trial court bases its decision on conflicting evidence."). We review questions of law without deference to a lower court's conclusion. *See Heal*, 917 S.W.2d at 9; *Burris v. Metro. Transit Auth. of Harris Cnty.*, 266 S.W.3d 16, 20 (Tex. App.—Houston [1st Dist.] 2008, no pet.). When, as here, no findings of fact or conclusions of law are filed, the trial court's determination of whether to grant or deny a temporary injunction must be upheld on any legal theory supported by the record.[6] *LasikPlus of Tex., P.C. v. Mattioli*, 418 S.W.3d 210, 216 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Appellees argue that Pinnacle's "failure to brief an abuse of discretion review" resulted in a failure to carry its burden to show an abuse of discretion. We disagree. As discussed, we review questions of law de novo and not for an abuse of discretion. In this case, the relevant facts are not disputed, but we are presented with questions of law regarding the effect of the tenant-at-sufferance clause in the deed of trust, discussed below, and whether appellees, under the undisputed facts, had an adequate remedy at law through their wrongful foreclosure claim. *See Glapion v. AH4R I TX, LLC*, No. 14-13-00705-CV, 2014 WL 2158161, at *1 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet.) (mem. op.) (acknowledging whether justice court could exercise jurisdiction over question regarding possession of property is a question of law subject to de novo review); *see also 8100 N. Freeway, Ltd. v. City of Houston*, 363 S.W.3d 849, 854 (Tex. App.— Houston [14th Dist.] 2012, no pet.) ("A trial court abuses its discretion when it . . .

---

[6] The trial court made "findings" in the temporary injunction order but did not sign separate findings of fact and conclusions of law. A trial court may, but need not, file findings of fact and conclusions of law with respect to an interlocutory order. Tex. R. App. P. 28.1(c). When no findings of fact or conclusions of law are filed other than those in the order granting temporary injunction, the trial court's judgment must be upheld on any legal theory supported by the record. *Boatman v. Lites*, 888 S.W.2d 90, 92 (Tex. App.—Tyler 1994, no writ).

5

misapplies the law to the established facts of the case."). Pinnacle cited the proper case law for us to determine as a matter of law whether the trial court erred in granting the injunction. *See Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008) ("[W]e liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants."). With these standards in mind, we turn to Pinnacle's challenge to the district court's order granting the temporary injunction.

**II.   Defects in the foreclosure process are not relevant to possession when, as here, the parties to be evicted are subject to a tenant-at-sufferance clause in the deed of trust.**

Although a justice court has subject matter jurisdiction over forcible detainers, the justice court lacks jurisdiction to resolve title disputes. *Maxwell*, 2013 WL 3580621, at *2; *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). Thus, a forcible detainer only addresses who has the right to possess the property, not who has title to it.[7] *Maxwell*, 2013 WL 3580621, at *2; *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see* Tex. R. Civ. P. 510.3(e). As a result, when the right to possession cannot be determined without resolving a title dispute, the justice court does not have jurisdiction. *Maxwell*, 2013 WL 3580621, at *2; *Rice*, 51 S.W.3d at 709.

Of course, the mere existence of a title dispute does not deprive the justice court of jurisdiction. *Maxwell*, 2013 WL 3580621, at *2. If the title issue does not control the right to possession, it is of no moment. *Id.*; *Black*, 318 S.W.3d at 417.

---

[7] Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Rice*, 51 S.W.3d at 709. Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Id.*

6

Instead, the issue is whether "the question of title is so intertwined with the issue of possession, th[at] possession may not be adjudicated without first determining title." *Maxwell*, 2013 WL 3580621, at *2 (quoting *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)).

The deed of trust in this case contained the following tenant-at-sufferance clause:

> Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at [the foreclosure] sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Tenant-at-sufferance clauses separate the issue of possession from the issue of title. *Id*. at *3. Under these provisions, a foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the foreclosure-sale purchaser. *Id*.

Appellees articulate a title dispute, but it is based entirely on their contention that the foreclosure was improper, i.e., both that the foreclosure was conducted improperly and that Pinnacle previously had assigned the note to another bank.[8] However, because the deed of trust contained a valid tenant-at-sufferance clause, appellees do not allege a title dispute that is intertwined with the right of immediate possession.[9] *See Glapion*, 2014 WL 2158161, at *2; *Maxwell*, 2013

---

[8] Although appellees have asserted a suit to quiet title, it too is based on the allegation that Pinnacle claims an interest in the property based on an invalid Substitute Trustee's Deed that "was not obtained in compliance with the requirements necessary to a proper foreclosure action under Texas law." We need not address in this appeal whether the foreclosure was conducted properly. *See Maxwell*, 2013 WL 3580621, at *3 (noting defects in foreclosure process may not be considered in forcible detainer action because they are irrelevant).

[9] One indication that a justice court is called on to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord tenant relationship is lacking. *Aguilar v. Weber*, 72 S.W.3d 729, 733 (Tex. App.—Waco 2002, no pet.).

7

WL 3580621, at *3. When the party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, defects in the foreclosure process are not relevant to possession. *Glapion*, 2014 WL 2158161, at *2; *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Of course, the displaced party can still dispute the purchaser's title, but it must bring a separate suit to do so. *Maxwell*, 2013 WL 3580621, at *3.

Appellees argue they are not subject to the tenant-at-sufferance clause because they are not parties to the deed of trust. However, we have held that a deed of trust's tenant-at-sufferance clause binds subsequent occupants whose interests are junior to the deed of trust. *Id.* at *4; *see also U.S. Bank Nat'l Ass'n v. Farhi*, No. 05-07-01539-CV, 2009 WL 2414484, at *3-4 (Tex. App.—Dallas Aug. 7, 2009, no pet.) (mem. op.) (holding intervening purchaser of property was subject to tenant-at-sufferance clause in deed of trust). Appellees argue that *Maxwell* was wrongly decided as to this issue and "[l]ittle analysis was conducted to reach this conclusion." To the contrary, we thoroughly explained our reasoning in *Maxwell*. Although such subsequent occupants may not have agreed to the tenant-at-sufferance clause, the grantor cannot convey more than he has. *Maxwell*, 2013 WL 3580621, at *4. Thus, a grantor subject to a tenant-at-sufferance clause cannot convey an interest in the property free of the clause. *Id.* In this regard, both the party who agreed to the deed of trust initially and any subsequent occupants become tenants-at-sufferance following foreclosure. *Id.*

The facts in *Farhi* are similar to those presented here. Farhi executed a note and deed of trust on the subject property, and U.S. Bank subsequently foreclosed on the property, served a notice to vacate the property, and filed a forcible detainer

8

suit in justice court. *Farhi*, 2009 WL 2414484, at *1. The justice court awarded possession to the bank, but Rowe, claiming to be an occupant of the property, appealed to the county court at law, which, after a trial de novo, awarded possession to Rowe. *Id*. During the trial in the county court, Rowe presented evidence that the property had been conveyed to him by Farhi after the deed of trust was executed but before the foreclosure. *Id*. at *3. Our sister court held that Rowe's rights were subject to the deed of trust executed by Farhi because Rowe was an intervening purchaser of the property. *Id*. This was based on the fact that "[w]hen a mortgagor executes a deed of trust[,] the legal and equitable estates in the property are severed. The mortgagor retains the legal title and the mortgagee holds the equitable title." *Id*. An intervening purchaser of the legal interest is granted legal title that is superior to the mortgage but subject to the mortgagee's rights. *Id*.

The deed of trust in *Farhi* included a tenant-at-sufferance clause that was identical to the one presented here. *See id.* at *4. The court held that the deed of trust established a landlord-tenant relationship that made Rowe a tenant-at-sufferance upon foreclosure because Rowe's rights were subject to the terms of the deed of trust, just as Farhi's had been. *Id*. Accordingly, Rowe, as a tenant-at-sufferance, was not entitled to possession of the property after the foreclosure. *Id*.

This case is no different. The appellees purchased the properties subject to the deed of trust, which contained the above-referenced tenant-at-sufferance clause. *E.g., id.*

We conclude that appellees are subject to the tenant-at-sufferance clause in the deed of trust. Accordingly, the questions of possession and title are not intertwined, and the justice court had exclusive jurisdiction over the issue of possession. *See Glapion*, 2014 WL 2158161, at *2; *Maxwell*, 2013 WL 3580621,

9

at *3.

### III. Appellees have an adequate remedy at law.

Appellees argue they do not have an adequate remedy at law because real estate is unique. However, the cases they cite for this proposition all involved injunctions to stop foreclosures.[10] Here, the foreclosure has already occurred, and appellees' available remedies for wrongful foreclosure are money damages or rescission of the sale. *Diversified, Inc. v. Gibraltar Sav. Ass'n*, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied) ("[F]ollowing a wrongful foreclosure sale conducted pursuant to a power of sale contained within a deed of trust, the mortgagor . . . may elect to: (1) set aside the void trustee's deed; or (2) recover damages in the amount of the value of the property less indebtedness."). Thus, under the undisputed facts, as a matter of law, appellees have an adequate remedy at law through rescission of the sale if their wrongful foreclosure claim is meritorious.

Appellees also testified they could not pay their mortgages in addition to rent for temporary residences. They did not present evidence, however, regarding why money damages could not properly account for any losses resulting from having to relocate. They further argue that Andreis, a foreign national, must have proof of home ownership to maintain his United States residency. At the time of the temporary injunction hearing, Andreis was working overseas, and a tenant was living in his home. Andreis testified that he travels abroad often for work and that owning a home "helps" show the United States Citizenship and Immigration

---

[10] *See Lavigne v. Holder*, 186 S.W.3d 625, 629 (Tex. App.—Fort Worth 2006, no pet.) ("[E]very piece of real estate is unique, and foreclosure can be an irreparable injury for which there is no adequate remedy at law."); *Guardian Sav. & Loan Ass'n v. Williams*, 731 S.W.2d 107, 109 (Tex. App.—Houston [1st Dist.] 1987, no writ); *El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883, 888 (Tex. App.—Corpus Christi 1987, no writ); *Greater Houston Bank v. Conte*, 641 S.W.2d 407, 410 (Tex. App.—Houston [14th Dist.] 1982, no writ).

Services that he intends to "keep his residency" in the United States. However, after the foreclosure, Pinnacle became the record owner of the property. There is no evidence that proceeding with an eviction would alter Andreis's immigration status. Obviously, if he prevails on the wrongful foreclosure claim, Andreis would be able to rescind the sale and reinstate his home ownership status.

We conclude as a matter of law that the trial court erred in granting the temporary injunction because, based on the undisputed facts, the alleged title dispute is not intertwined with the right of immediate possession and appellees have an adequate remedy at law through their wrongful foreclosure claim. *See McGlothlin*, 672 S.W.2d at 232; *Glapion*, 2014 WL 2158161, at *2.

### *Conclusion*

We conclude the trial court erred in enjoining appellants from pursuing the eviction proceedings in justice court. The justice court had exclusive jurisdiction in this case over the question of possession because the issues of title and possession were not intertwined, and appellees have an adequate remedy at law if their wrongful foreclosure claim is meritorious. We sustain Pinnacle's issue complaining of the trial court's order granting injunctive relief. We reverse the trial court's order and render judgment denying appellees' request for a temporary injunction.


/s/     Martha Hill Jamison
            Justice


Panel consists of Justices Boyce, Jamison, and Donovan.

11