ACCEPTED
13-14-00644-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/14/2015 5:40:36 PM
CECILE FOY GSANGER
CLERK

# No. 13-14-00644-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

7/14/2015 5:40:36 PM

CECILE FOY GSANGER
Clerk

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH DISTRICT OF TEXAS**
**AT CORPUS CHRISTI & EDINBURG**

_____

**LAREDO NATIONAL BANK D/B/A BBVA COMPASS BANK**
*Appellant*,

v.

**MYRNA ELIZABETH DE LUNA MORALES,**
*Appellee*.

_____

On Appeal from the 107th Judicial District Court of Cameron County, Texas, the
Honorable Benjamin Euresti, Jr., Presiding

_____

## APPELLANT'S REPLY TO BRIEF OF APPELLEE

Selim H. Taherzadeh
Taherzadeh, PLLC
State Bar No. 24046944
st@taherzlaw.com
5001 Spring Valley Rd., Suite 1020W
Dallas, Texas 75244
Tel. (469) 729-6800

Michelle Peritore
Taherzadeh, PLLC
State Bar No. 24088212
mp@taherzlaw.com
5001 Spring Valley Rd., Suite 1020W
Dallas, Texas 75244
Tel. (469) 729-6800

**ATTORNEYS FOR APPELLANT**

**July 14, 2015**

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Weber,* 72 S.W.3d 729 (Tex.App.- Waco 2002)

*Pinnacle Premier Props., Inc. v. Breton,* 447 S. W.3d 558  (Tex. App.-Houston [14th Dist.] 2014)

**SUMMARY OF REPLY**

Appellee filed her brief five months and twenty days after the initial deadline established by the Texas Rules of Appellate Procedure. Nevertheless, her brief is filled with distortions of the facts, misrepresentations of the law, and an incorrect claim of mootness due to her unexplainable delay.

**APPELLEE'S MISREPRESENTATION OF FACTS**

**A. The Parties**

Appellee's misrepresentation of the facts begins even before her "Statement of the Facts". Appellee cannot even properly identify the Appellant. Appellee wrongfully lists counsel for Appellant, Selim H. Taherzadeh, as an Appellant since "[b]oth second amended and prior plaintiff's pleadings suggest that he is a defendant." *Appellee's Brief, page iii*. However, none of her pleadings name Selim H. Taherzadeh named as a Defendant nor does Texas recognize "suggestions of defendants". It is inconceivable that the Appellee, the plaintiff in the underlying action, cannot identify who are the defendants in her own lawsuit, but it continues a pattern of mistruths used for no other apparent purpose than confusion.

**B. Appellee's Attempts to Sale the Property**

Appellee lists in her statement of facts that she "had arranged more than once for the property to be sold but due to intransigence by Appellant Compass Bank, and Appellant's counsel, and perhaps misconduct, Appellee was not able to cure an alleged deficiency, nor to effect a sale of her property." *Appellee's Brief, page 3*. This is a gross misstatement of the facts pursuant to the testimony and documents offered by Appellee herself. The simple undisputable facts are these. Appellee was in default. The property in question was scheduled for foreclosure sale on March 4, 2014. Prior to the foreclosure sale, Appellee, through her counsel, requested the Appellant postpone the sale for the following month as she had a buyer but the closing would not occur for a few weeks. Appellant agreed to postpone the foreclosure sale of the property until April. The proposed sale by Appellee did not occur because her "buyer" got cold feet.

The Friday prior to the April foreclosure sale, Appellee's counsel once again reached out to Appellant saying that there is another potential purchaser and requesting a second postponement since the closing of the second contract would again occur after the rescheduled foreclosure sale. This second request for postponement was denied and the foreclosure sale went forward as noticed. Appellee testified that she neither had the funds to reinstate or payoff the loan at the time of the

foreclosure sale. These facts are undisputed. These facts are based off the evidence presented by Appellee's Counsel and the testimony of Appellee herself. There are no other factual allegations of wrongdoing other than the failure to postpone a foreclosure sale for a second time for a contract that may or may not go through. To call the failure to postpone a foreclosure sale for a second time "intransigence" or "misconduct" is a clear misstatement of the facts.

### C. Appellee's Claim that she did not receive Notice of Sale

For the first time in her brief, Appellee is now claiming that she did not get notice of the foreclosure sale. Once again this is a ridiculous claim by Appellee as: 1) she herself introduced the notice of foreclosure sale as evidence at the Temporary Injunction Hearing, 2) the clear evidence is that the foreclosure sale was rescheduled to April 1, 2014 at her request, and 3) it has subsequently become a deemed admission that she received the notice of foreclosure sale. Appellant can come up with no other explanation for the statement that Appellee claims she "never received notice of sale" other than it is an additional misstatement of the truth for the sole purpose of causing confusion as to the issues before this Court.

**Standard of Review**

Appellee argues in her brief that the standard of review when dealing with injunctive relief is abuse of discretion. However, as clearly explained by a case cited by Appellee, Courts "will apply a de novo standard of review when the issue turns on a pure question of law." *Pinnacle Premier Props., Inc. v. Breton,* 447 S.W.3d 558, 562 (Tex. App.—Houston [14th Dist.] 2014). Questions such as "the effect of the tenant-at-sufferance clause in the deed of trust….and whether appellees, under the undisputed facts, had an adequate remedy at law through their wrongful foreclosure claim" are questions of law that the Appellate Court can review de novo. *Id.* at 563. Thus, the issues of whether the trial court should have continued to enjoin the Appellant when the deed of trust contained tenant at sufferance language, whether the causes of action put forth by Appellee support injunctive relief, or whether she had an adequate remedy at law are all properly reviewed de novo.

**No Adequate Remedy at Law**

Appellee claims that she has an irreparable injury since it is the loss of her home. The Court in *Pinnacle*, a case cited by Appellee in her own brief, says the exact opposite with facts nearly identical to this case. *Appellee's Brief, page 19.*

"Here, the foreclosure sale has already occurred, and appellees' available remedies for wrongful foreclosure are money damages or rescission of sale….[w]e conclude as a matter of law that the trial court erred in granting the temporary injunction….appellees have an adequate remedy at law through their wrongful foreclosure claim." *Id.* at 565-566. It remains a mystery how Appellee could argue no adequate remedy at law when a case she herself cites, without distinguishing, clearly states the opposite conclusion as a matter of law.

**Evidence of a Title Dispute**

Appellee argues that mere evidence of a title dispute is enough to deprive the Justice Court of jurisdiction even if there is tenant at sufferance language in a deed of trust. Amazingly enough, Appellee cites a case that concludes the exact opposite to support her position. The Court in *Aguilar v. Weber* specifically found that because the underlying deed of trust did not have tenant at sufferance language, the issue of title needed to be determined before the Justice Court could proceed; and thus distinguished the case from other cases in which the eviction action in the Justice Court could proceed. *Aguilar v. Weber,* 72 S.W.3d 729 (Tex. App.-Waco 2002). "We agree that a forcible detainer action must be based on a landlord-tenant relationship…the contract also did not provide that the Aguilars would become tenants at sufferance..." *Id.* at 735. Appellee freely admits that the

deed of trust that was the basis for the foreclosure included tenant at sufferance language. Even a first year law student would understand that the Aguilar case actually supports Appellant's position that since the deed of trust included tenant at sufferance language than the right to immediate possession can be tried in the Justice Court without interruption. Once again, it is unclear why Appellee attempts to ignore the actual rulings in the cases she cites other than an attempt to deceive the Appellate Court. As the Court in *Pinnacle*, cited once again by Appellee for the opposite conclusion, correctly noted, "[w]hen a party to be evicted is subject to a tenant-at-sufferance clause and the party seeking the possession purchased the property at a foreclose sale….defects in the foreclosure process are not relevant to possession." *Pinnacle* at 564.

**Appellee Had No Probable Right to Recovery on Trial on the Merits.**

In addition to the Trial Court erring in finding continuing to stop the pending eviction action and presumably finding Appellee had no adequate remedy at law, the Trial Court should have dissolved the injunction due to the fact that Appellee presented no evidence at any time that showed any cause of action with a likelihood of success on the merits. Other than generic statements that Appellee pled many causes of action that the Judge could have found supported injunctive

relief, Appellee does not dispute any of the specific arguments on why each cause of action fails as a matter of law as presented in the Appellant's brief.

Interestingly enough, Appellee spends the majority of her brief focused on what she perceives to be a missing endorsement on the note and thus arguing that Appellant was without authority to proceed with the foreclosure. This argument first appeared in the Amended Petition filed one day prior to the brief being filed. As such, the argument is irrelevant and cannot be used to support the prior injunctive relief or more specifically, the denial of dissolution or modification of the prior injunctive relief. Even with that being the case, Appellee clearly misstates the law and facts as to that argument as well. The parties entitled to enforce a note are the owner, holder, or holder-in-due course. There is no dispute that Appellant is the current owner of the note through a merger. As owner of the note, it is entitled to enforce the note regardless if they endorse it to themselves. Additionally, Appellee's own testimony says she understands Appellee owns the note and Exhibit H to her brief is a Loan Modification and Extension Agreement in which she clearly agreed that "Compass Bank (herein "Lender") is now the owner and holder the herein described liens." *Appellee's Brief, Exhibit H*. Appellee is improperly attempting to put forth an entirely new frivolous argument to try to support a prior ruling.

**Advisory Opinion**

Appellee further asserts that the Appeal is an impermissible request for an advisory opinion. This argument is without merit. There have been clear mistakes in the law. The Appellee offered no evidence to the Trial Court to show a likelihood of success on the merits for any purported claim. At no point in Appellee's own brief does she even cite any evidence of any cause of action. Moreover, the Appellee failed in the entirety to address the other defects in the Temporary Injunction Order, such as the failure to include a trial date and insufficient bond, either of which should have been grounds to at least modify the Order as alternatively requested by Appellant to the Trial Court.

**Mootness**

Appellee states that "[t]he record does not explain what happened between then [Appellant's Brief filed on December 30, 2014] and May 5, 2015 when Appellee asked for an extension of time to file her brief." *Appellee's Brief, page 32*. Appellee further states that the "sheer passage of time makes the issue moot" and that "a good part of it [the fault] also falls on Appellant's shoulders." *Appellee's Brief, page 34*. These statements would seem to be unbelievable if not for the other actions and statements by Appellee's counsel up to this point.

It might be true that only Appellee, or perhaps Appellee's counsel, know the true reason for the unexplained delay. Perhaps, as evidenced in her brief, Appellee's counsel knew that they had no valid legal arguments in response to Appellant's brief. Or perhaps it was because Appellee had returned to Mexico and Appellee's counsel (Noe Robles) thought that an unfavorable ruling might interrupt his use of the underlying property as a vacation home for himself and his family as he informed the Trial Court at a subsequent hearing. But the allegation that the blame for the delay in filing the Appellee's Brief falls on anyone other than Appellee or Appellee's counsel, when counsel had knowledge of the deadline to respond, was included on numerous emails about the delinquency of a response, and did not even request the first of three extensions until 5 months after the brief was initially due, is absurd.

The Appeal is not moot. There has been no trial on the merits and until there is, the Appeal will not be moot as an improper injunction remains in place. The fact that the trial is scheduled for August does not change anything as there has been no final order. Additionally, Appellee recently amended her pleadings to allege new causes of action and has thus far, failed to respond to discovery requests despite a prior granted Motion to Compel and a pending Emergency Motion to Compel. It is likely that the trial will have to be delayed further.

If, however, trial does go forward before this Court renders an opinion and does effectively make the Appeal moot; this Court should consider using its inherent authority to sanction Appellee or Appellee's Counsel for their delay that caused its mootness, the intentional misstatement of undisputed facts, and the attempted misrepresentations of case law offered.

Respectfully submitted,

By: */s/ Selim H. Taherzadeh*

**TAHERZADEH, PLLC**

Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
5001 Spring Valley Road
Suite 1020W
Dallas, Texas 75244
Tel.  (469) 729-6800
Fax. (469) 828-2772

ATTORNEYS FOR APPELLANT
COMPASS BANK

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2015 a true and correct copy of the above and foregoing Reply was properly forwarded to all counsel of record for Appellee in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, as follows:

Noe Robles
23331 Tamm Lane
Harlingen, Texas 78552
(T) 956-440-8200
(F) 956-440-8205
nrobelslawoffice@aol.com

Philip Cowen
500 E. Levee Street
Brownsville, Texas 78520
(T) 956-541-6031
(F) 956-541-6872
ptchb@att.net


*/s/ Selim H. Taherzadeh*
Selim H. Taherzadeh


## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that this brief contains 2,377 words. This is a computer-generated document created in Microsoft Word 2013, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.


*/s/ Selim H. Taherzadeh*
Selim H. Taherzadeh