**AFFIRM; and Opinion Filed July 5, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00677-CV

**SAMUEL G. BREITLING AND JOANN S. BREITLING, Appellants**
**V.**
**LNV CORPORATION, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-00911-C**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Brown

In this forcible detainer case, Samuel G. Breitling and JoAnn S. Breitling appeal the trial court's judgment awarding immediate possession of certain residential property in Sachse, Texas, to LNV Corporation. The Breitlings raise four issues on appeal, contending among other things that the trial court lacked jurisdiction. We affirm the trial court's judgment.

In October 2000, the Breitlings took out a home equity loan on the Sachse property from Aames Funding Corporation. In connection with the loan, they executed a security instrument that specified the lender's default remedies included the power of sale by foreclosure. The security instrument further provided that if the property was sold at a foreclosure sale, "Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered,

Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession." The note and security interest were assigned several times, eventually to LNV.

The Breitlings defaulted on the home equity loan. Pursuant to rule of civil procedure 736, LNV applied to the 134th Judicial District Court for an expedited order allowing foreclosure of the lien. *See* TEX. R. CIV. P. 736.1. That court granted a summary judgment ordering that LNV was entitled to proceed with foreclosure of the property.

On September 2, 2014, LNV bought the property at the foreclosure sale. LNV later sent a letter to the Breitlings notifying them that they were tenants at sufferance and demanding they vacate the property within three days. When the Breitlings failed to vacate, LNV filed this action in justice court, seeking immediate possession of the property. Following a jury trial, the justice court rendered a judgment awarding possession of the property to LNV. The Breitlings appealed that judgment to the county court for a trial de novo.

In the county court, the Breitlings filed a "Notice of Related Case and Motion to Stay Proceedings." In the motion, they alleged they were victims of mortgage fraud and that they and LNV were in litigation about the title to the property. That litigation had been removed to federal court, and the Breitlings were trying to remand the case to state court. The motion sought a stay or abatement until the question of title could be decided. LNV filed a written response opposing the motion to stay, arguing that the pending lawsuit did not deprive the county court of jurisdiction to determine the issue of superior right to possession of the property.

When the case was called for trial, the trial court ruled that it was not going to stay the case. The Breitlings stipulated that they were still living in the property in question. LNV then offered evidence of its right to possession. The Breitlings did not put on any witnesses or present any evidence. The county court rendered judgment ordering that LNV was entitled to immediate possession of the property. This pro se appeal followed.

In their first issue, the Breitlings contend the trial court lacked jurisdiction over the forcible detainer action because an action for determination of title was pending in federal court. They contend the justice court, and thus the county court, lacked jurisdiction because the questions of title and possession are integrally intertwined such that possession may be not determined without first determining title. We disagree.

A person commits forcible detainer if he is a tenant at sufferance and refuses to surrender possession of real property on demand after his right to possession has ceased. TEX. PROP. CODE ANN. § 24.002(a) (West 2014); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title. *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). The only issue in these cases is the right to actual possession. TEX. R. CIV. P. 510.3(e).

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. TEX. PROP. CODE ANN. § 24.004 (West 2014); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). A justice court is without jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2015). Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit. *Dormady*, 61 S.W.3d at 557. A justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute; rather it is deprived of jurisdiction if the right to immediate possession necessarily requires the resolution of a title dispute. *Bruce v. Fed. Nat'l*

*Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied). Tenant-at-sufferance clauses separate the issue of possession from the issue of title. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Under these provisions, a foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the purchaser at the foreclosure sale, and defects in the foreclosure process are not relevant in the forcible detainer suit. *Id.* The displaced party is still entitled to bring a separate suit to determine the question of title. *Id.*

The security instrument at issue here contained a tenant-at-sufferance clause. The issues of possession and title are therefore not intertwined. The justice court, and the county court on appeal, had jurisdiction over the issue of possession. We overrule the Breitlings' first issue.

In their second issue, the Breitlings complain of various actions allegedly taken by the justice of the peace who presided over this case in justice court. It is well settled that perfection of an appeal to county court from a justice court for a trial de novo vacates and annuls the judgment of the justice court. *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, writ denied). Because the Breitlings appealed to the county court for a trial de novo, their complaints about the actions of the justice court are moot. *See Garofalo v. Dallas Area Rapid Transit*, No. 05-13-01595-CV, 2015 WL 1568440, at *1 (Tex. App.—Dallas Apr. 7, 2015, no pet. h.) (mem. op.). We overrule their second issue.

In their third issue, the Breitlings contend the county court erred by denying them a trial de novo. They maintain the county court ruled in favor of LNV without allowing them to present a case. The record reveals otherwise. A trial de novo occurred on May 8, 2015. LNV offered into evidence eleven exhibits, including the security instrument, the substitute trustee's deed showing it bought the property at the foreclosure sale, and its demand for the Breitlings to vacate the premises. LNV rested its case. The trial court then gave the Breitlings, who were

represented by counsel at that time, a chance to respond. In response, counsel merely reurged the Breitlings' motion to abate. Thus, the court held a trial and gave the Breitlings the opportunity to present their case. The Breitlings chose not to present any evidence or argument about the right to immediate possession of the property. We overrule the Breitlings' third issue.

In their fourth issue, the Breitlings contend both the justice court and the county court judgments are void because both judges deprived them of due process and equal protection. As stated earlier, any complaints about the actions of the justice court are moot. *See id.* The Breitlings contend the county court judge denied them due process and equal protection of the law because she denied them the opportunity to be heard. We have already determined in our discussion of the previous issue that the county court gave the Breitlings an opportunity to present a case. To the extent the Breitlings assert the county court deprived them of due process and equal protection for additional reasons, it is not clear from their briefing of this issue what those reasons are and therefore any additional arguments have been improperly briefed. *See* TEX. R. APP. P. 38.1(i). We overrule the Breitlings' fourth issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

150677F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL G. BREITLING AND JOANN S.
BREITLING, Appellants

No. 05-15-00677-CV     V.

LNV CORPORATION, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-15-00911-C.
Opinion delivered by Justice Brown, Justices
Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LNV Corporation recover its costs of this appeal and the full amount of the trial court's judgment from appellants Samuel G. Breitling and JoAnn S. Breitling and from the cash deposit in lieu of cost bond. To the extent the costs of this appeal and the full amount of the trial court's judgment exceed the amount of the cash deposit in lieu of cost bond, it is **ORDERED** that appellee recover its costs of this appeal and the full amount of the trial court's judgment from appellants Samuel G. Breitling and JoAnn S. Breitling and from the cash deposit in lieu of supersedeas bond. After all costs have been paid, the clerk of the county court is directed to release the balance, if any, of the cash deposit in lieu of cost bond and the balance, if any, of the cash deposit in lieu of supersedeas bond to Samuel G. Breitling and JoAnn S. Breitling.

Judgment entered this 5th day of July, 2016.