**DENY; and Opinion Filed January 30, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

___

### No. 05-17-00043-CV
___

### IN RE SAMUEL G. BREITLING & JOANN BREITLING, Relators

___

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-04053**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Schenck
Opinion by Justice Schenck

On the Court's own motion, we withdraw our January 25, 2017 opinion and order denying relators' January 18, 2017 first amended petition for writ of mandamus and substitute the following opinion and order in their place. This is now the opinion of the Court.

Before the Court is relators' January 18, 2017 first amended petition for writ of mandamus. In this original proceeding, relators ask the Court to grant a writ and direct the district court to sign an order vacating an August 4, 2014 foreclosure order and vacating the September 2, 2014 foreclosure sale.

### Background

After relators defaulted on a home equity loan, real party in interest LNV Corporation filed its "Original Petition for Foreclosure" in the 134th judicial district court of Dallas County, cause number DC-14-04053, seeking an order permitting a non-judicial foreclosure sale of the property. On August 4, 2014, the district court signed a "Final Judgment *In Rem Only* With

Home Equity Foreclosure Order" that allowed LNV to proceed with foreclosure on the property. On August 29, 2014, relators filed a separate action pursuant to Rule 736.11(a), which was docketed as DC-14-09604 in the 101st judicial district court of Dallas County. Relators notified LNV that the Rule 736.11 action had been filed and told LNV that an automatic stay of the August 4, 2014 judgment was in effect.

LNV proceeded with the foreclosure sale on September 2, 2014. When relators refused to leave the property, LNV filed a forcible entry and detainer action in justice court and obtained a judgment of possession. Relators appealed to the county court and lost. Relators then appealed the county court judgment to this Court, and we affirmed the judgment. *Breitling v. LNV Corp.*, 05-15-00677-CV, 2016 WL 3625450 (Tex. App.—Dallas July 5, 2016, pet. dism'd w.o.j.). The Texas Supreme Court dismissed relators' petition and denied their motion for rehearing.

On January 3, 2017, after this Court issued mandate in the appeal of the FED action, relators filed a motion in the original district court case (DC-14-04053 in the 134th district court) asking the judge to reopen the case and vacate the August 4, 2014 foreclosure order and foreclosure sale. Relators argued that the separate lawsuit they filed on August 29, 2014 pursuant to Rule 736.11(a) stayed the August 4, 2014 foreclosure order and the subsequent foreclosure sale violated the stay and is, therefore, void. The district court denied relators' motion for want of jurisdiction and also noted that the motion should be denied because relators did not timely file a Rule 736.11(c) motion and were, therefore, not entitled to an order vacating the foreclosure order. Relators now seek review of that order and maintain that the district court was required to grant their January 3, 2017 motion and vacate the August 4, 2014 foreclosure order and subsequent foreclosure sale.

**Applicable Law**

Under Rule 736.11, an expedited foreclosure order is automatically stayed if the respondent files an independent lawsuit contesting the lender's right to foreclose:

> A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale.

TEX. R. CIV. P. 736.11(a). The trial court that issued the expedited foreclosure order is required to vacate the expedited foreclosure order only if the respondent files a motion and proposed order to vacate in that court within ten days of filing the separate suit. TEX. R. CIV. P. 736.11(c); *In re Bettie Priester and John Priester, Jr.*, No. 05-16-00965-CV, 2016 WL 7010583 (Tex. App.—Dallas Nov. 21, 2016, orig. proceeding) (mem. op.) (Rule 736.11(c) creates a mandatory duty to vacate the Rule 736 order **only if** the respondent meets the requirements of rule 736.11(c) by timely-filing both the Rule 736.11(a) independent action and the Rule 736.11(c) motion to vacate); *see also Murphy v. HSBC Bank USA*, 95 F. Supp. 3d 1025, 1028 (S.D. Tex. 2015) (holding that Rule 736.11(c) requires the clerk to vacate the Rule 736 order if the respondent timely files a motion under Rule 736.11(c)).

**Analysis**

The August 4, 2014 Final Judgment states that LNV "may proceed with foreclosure of the secured Property according to the terms of the security instrument, Tex. Prop. Code §51.002, and applicable Texas law." We make no findings here regarding whether that judgment constituted an expedited foreclosure order under Rule 736, whether Rule 736.11 applies here, or whether relators invoked any protections by filing the Rule 736.11(a) action. But even assuming the applicability of Rule 736, relators have not established that the trial court abused its

–3–

discretion in denying their January 3, 2017 motion to vacate that judgment. Relators' failure to timely file a Rule 736.11(c) motion in the original cause number is fatal to their arguments.

Relators filed a "Motion to Vacate Void Foreclosure Judgment" in the 134th district court cause number DC-14-04053 on August 18, 2014, and filed a "Motion to Vacate Foreclosure Order and Void the Sale" on September 10, 2014 in the new proceeding, cause number DC-14-09604. Neither motion met the requirements of Rule 736.11(c). Neither motion mentions Rule 736 or otherwise notifies the court that relators have filed the independent lawsuit contesting the right to foreclose. The August 18, 2014 motion was filed before relators filed the independent lawsuit. As for the September 10, 2014 motion, it was not filed within ten days of filing the independent lawsuit, and it was filed in the 101st district court under the independent lawsuit's cause number rather than in the court that had issued the expedited foreclosure order as required by Rule 736.11(c). Because the motions did not meet the requirements of Rule 736.11(c), neither motion required either district court to vacate the August 4, 2014 judgment. Absent a timely-filed Rule 736.11(c) motion in the original cause number, the 134th judicial district court had no duty to vacate the August 4, 2014 final judgment or the foreclosure sale and did not abuse its discretion by denying the untimely motion filed more than two years after the sale. *See, e.g., In re Priester*, 2016 WL 7010583, at *3; *see also Murphy*, 95 F. Supp. 3d at 1028.

Relators' contention that Rule 736.11(d) required the district court to vacate the August 4, 2014 judgment and the foreclosure sale is also unavailing. Rule 736.11(d) places no requirements on the district court and requires no action by the district court. Rather, Rule 736.11(d) states that a foreclosure sale that occurs when a Rule 736.11(a) automatic stay is in effect is void and, upon proper and timely notice, the trustee "must return to the buyer of the foreclosed property the purchase price paid by the buyer." TEX. R. CIV. P. 736.11(d). Relators did not ask the district court to order the trustee to return the purchase price and did not provide

–4–

the court with argument or authority supporting their contention that the district court was required to vacate a foreclosure sale that occurred more than two years earlier. The district court did not abuse its discretion by denying relators' request to vacate the judgment and foreclosure sale pursuant to rule 736.11(d).

Finally, the foreclosure has already occurred. Relators' wrongful foreclosure action, which was filed in the 101st judicial district court and is currently pending in federal court, provides relators an adequate remedy at law. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 565 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (wrongful foreclosure action provides adequate remedy at law).

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the record before us, we conclude relators have not shown they are entitled to the relief requested. *See* TEX. R. APP. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Accordingly, we deny relators' January 18, 2017 first amended petition for writ of mandamus.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170043F.P05