

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00052-CV

TAKESHA DUNLAP                                                    APPELLANT

V.

BEAULY, LLC                                                        APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 2017-000378-1

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a forcible detainer proceeding.  Appellee Beauly,
LLC bought property at a foreclosure sale (the Property) and then brought this
forcible detainer action against Appellant Takesha Dunlap.  Dunlap argues that
the trial court did not have jurisdiction over this action because of problems in the

---

[1]*See* Tex. R. App. P. 47.4.

chain of title. Because the trial court could determine that Beauly had a superior right to immediate possession without adjudicating any issues of title, we affirm.

## I.    Background

In December 2016, Beauly filed this forcible detainer action in the justice court, alleging that it had acquired the Property at a substitute trustee's sale on June 3, 2014; that the deed of trust securing a mortgage on the property provided that in the event of foreclosure, any person in possession of the Property would then be a tenant at sufferance of the purchaser at foreclosure; that Beauly had made written demand on Dunlap for possession; and that Dunlap had refused to comply.

The original deed of trust named Dunlap as the borrower; Mortgage Electronic Systems, Inc. (MERS), as nominee for the lender, as beneficiary; and Primelending as the lender. The substitute trustee's deed listed MERS, as nominee, as the original mortgagee; Wells Fargo Bank, N.A. as the current mortgagee and mortgage servicer; and Beauly as the grantee.

As alleged by Beauly, the deed of trust provided that "[i]f the Property is sold pursuant to [the foreclosure provisions in the instrument], Borrower . . . shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower . . . shall be a tenant at sufferance and may be removed by writ of possession."

The justice court rendered a judgment of possession for Beauly. Dunlap appealed to the county court at law.

2

In the county court, Dunlap filed a "Notice And Demand For A Definite Statement Of Allegation Of Bona Fide Jurisdiction." In that document, she asserted that if Beauly failed to respond to her demand within ten days, Beauly "shall be in DEFAULT, *non prosequitur*, and both the ALLEGATION OF *BONA FIDE* JURISDICTION and the COMPLAINT shall be considered to be *nul tiel* records, thereby requiring that the court DISMISS WITH PREJUDICE the instant case for being void on its face." She also filed a document entitled "Judicial Notice; In The Nature Of Writ Of Coram Non Judice & A Demand For Dismissal & Objection For Lack Of Jurisdiction." In that document, she asserted that the trial court had erred "[b]y failing to disclose the proper jurisdiction when challenged with a writ of Coram Nobis" and that because the court has refused to state jurisdiction," "no judgments, orders[,] or pleas can be entered into the record." She further filed a motion for default judgment on the basis that Beauly had not filed an answer to her "Notice And Demand For A Definite Statement Of Allegation Of Bona Fide Jurisdiction," and a subsequent "Notice And Demand For Default Judgment" requesting the court to enter a default judgment in her favor "pursuant to Rule 503.1" of the rules of civil procedure. *See* Tex. R. Civ. P. 503.1 (providing that a justice court may render a default judgment if a defendant fails to timely answer).

The trial court rendered a judgment awarding possession to Beauly. Dunlap now appeals.

3

## II.  Forcible Detainer Actions

"The sole focus of a forcible-detainer action is the right to immediate possession of real property." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017).  "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 510.3(e) (stating that in a forcible detainer action, "[t]he court must adjudicate the right to actual possession and not title").  Beauly had the burden to prove (1) it owns the property, (2) Dunlap is a tenant at will, tenant at sufferance, or a tenant willfully holding over after the termination of her right of possession, (3) it gave Dunlap proper notice to vacate the premises, and (4) Dunlap refused to vacate the premises.  *See* Tex. Prop. Code Ann. § 24.002 (West 2014); *Bradberry*, 526 S.W.3d at 478.

## III.  Analysis

In her sole point, Dunlap challenges the trial court's subject matter jurisdiction over the case, arguing that the trial court improperly granted judgment without hearing her challenge to its jurisdiction.  She also makes additional arguments in her brief unrelated to this point, which we address below.

### A.  Dunlap's arguments about Wells Fargo are irrelevant.

The motions Dunlap filed in the trial court demanded that the trial court and Beauly disclose the basis of the court's jurisdiction, but they did not raise any

4

ground challenging the court's jurisdiction. Nevertheless, we must consider any jurisdictional arguments she makes on appeal. *See Clint I.S.D. v. Marquez*, 487 S.W.3d 538, 558 (Tex. 2016) (noting parties may challenge subject matter jurisdiction for the first time on appeal).

Dunlap argues that Wells Fargo had no standing to prosecute a claim against the Property. She contends that she filed a challenge to the trial court's subject matter jurisdiction "under the consideration that Wells Fargo must prove to the court that it had agency to represent a[] principal with standing to enforce the contract in accordance with Texas Property Code 13.001 and the legal capacity to invoke the subject matter jurisdiction of the court." Wells Fargo, however, did not bring this forcible detainer action. This action addressed who had the superior right to possession as between Beauly and Dunlap, not between Dunlap and Wells Fargo. Her arguments about Wells Fargo are therefore irrelevant to the trial court's determination of who had the superior right to possession of the Property.

**B.    Dunlap could not raise an issue of title in this suit.**

Dunlap further argues that Primelending, "when it purported to assign the mortgage to Wells Fargo, was not the beneficiary, holder, or even the agent of the holder" and that "Primelending may never have been the holder of the mortgage, but rather, an agent for an undisclosed money source." With this argument, Dunlap appears to be raising an issue of title.

5

In a forcible detainer action, "[t]he court must adjudicate the right to actual possession and not title." Tex. R. Civ. P. 510.3(e). However, the mere existence of a title dispute does not deprive the justice court of jurisdiction. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g). As we have previously explained

> A justice court or county court at law is not deprived of jurisdiction in a forcible detainer action merely because of the existence of a title dispute. In most cases, "the right to immediate possession can be determined separately from the right to title. The trial court is deprived of jurisdiction only if the determination of the right to immediate possession *necessarily requires* the resolution of the title dispute."
>
> "Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property."

*Mosely v. Am. Homes 4 Rent Props. Eight, LLC*, No. 02-15-00200-CV, 2015 WL 9942695, at *2–3 (Tex. App.—Fort Worth Dec. 10, 2015, pet. dism'd) (citations omitted).

Here, the deed of trust governs the right to possession of the Property. Beauly produced evidence that it purchased the Property at the foreclosure sale and that when it did so, under the terms of the deed of trust, Dunlap became a tenant at sufferance. Beauly included with its petition a copy of its notice to vacate, along with proof that it mailed the notice to Dunlap by certified mail to the Property's address and that the notice gave Dunlap three-day's notice to vacate. Beauly's attorney swore in his affidavit filed below that he also mailed the notice

6

by first-class mail and that neither that notice nor the one sent by certified mail were returned as undeliverable. Dunlap did not object in the trial court that she did not receive the notice. Dunlap also did not dispute that she had not vacated the property, and the motions she filed in the trial court listed her address as the Property's address. The record shows that Beauly established a superior right to possession. *See* Tex. Prop. Code Ann. § 24.002; *Bradberry*, 526 S.W.3d at 478. Because the trial court could determine the issue of immediate possession based on the foreclosure under the deed of trust, the trial court had an independent basis to determine the issues without addressing title issues, if any, related to the Property.

## C.     Dunlap could not assert a breach of contract claim.

Dunlap further argues that the deed of trust contained notice requirements designed to prevent undisclosed transactions and that Primelending "breached the contractual notice requirements of the Deed of Trust contract by negotiating the mortgage note to an undisclosed third party." The *only* issue in a forcible detainer action is the right to immediate possession of the premises. *See Bradberry*, 526 S.W.3d at 478. Therefore, if Dunlap has any claim based on Primelending's assignment of her note or deed of trust, she could not raise it in this forcible detainer action.

## D.     Dunlap was not entitled to summary judgment.

Dunlap argues that the trial court should have dismissed Beauly's action because it did not respond to her motion for summary judgment below. Dunlap

7

filed no motion in the trial court that references summary judgment or cites civil procedure rule 166a. *See* Tex. R. Civ. P. 166a. In her Statement of Facts, however, she characterizes her "Notice and Demand for Default Judgment" as a motion for summary judgment. The text of that motion stated, in its entirety, "Comes now TAKESHA DUNLAP and requests the Court, pursuant to Rule 503.1, Texas Rules of Civil Procedure, for the entry of a judgment by default against the defendant. In support of this request, TAKESHA DUNLAP, relies upon the record in this case and the affidavit submitted herein." Even construing this motion as a motion for summary judgment, the motion failed to set out any grounds for summary judgment and, accordingly, provided no basis on which the trial court could grant summary judgment for Dunlap. *See* Tex. R. Civ. P. 166a(c), (i).

We overrule Dunlap's sole point on appeal.

## IV.  Conclusion

Having overruled Dunlap's point, we affirm the trial court's judgment for possession.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  WALKER, MEIER, and PITTMAN, JJ.

DELIVERED:  March 15, 2018

8