**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 13, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00766-CV

### IN RE ANTHONY WELCH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**458th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 18-DCV-249193**

---

## MEMORANDUM OPINION

On August 30, 2018, relator Anthony Welch filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kenneth S. Cannata, presiding judge of the 458th District Court of Fort Bend County, to (1) vacate his August 20, 2018 order denying relator's motion to vacate the Substitute Trustee's sale of his property, and (2) sign an order vacating

the Substitute Trustee's sale. Relator also has filed an emergency motion for temporary relief, asking for a stay to maintain the status quo pending a decision on the mandamus petition. *See* Tex. R. App. P. 52.8(b), 52.10.

With certain exceptions not applicable to this proceeding, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relator has a pending action for wrongful foreclose. Relator has an adequate remedy at law through his wrongful-foreclosure action and an appeal after final judgment in that action. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 565 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *In re Breitling*, No. 05-17-00043-CV, 2017 WL 462363, at *3 (Tex. App.—Dallas Jan. 30, 2017, orig. proceeding) (mem. op.).

Further, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Texas Rule of Appellate Procedure 52.7(a)(2) requires "[r]elator file with the petition: . . . a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See* Tex. R. App. P. 52.7(a)(2).

Even though relator admits that evidence was adduced at the hearing on his motion to vacate the Substitute Trustee sale, relator has not provided a transcript of the hearing, as required by Texas Rule of Appellate Procedure 52.7 (a)(2). Absent a

transcript of the hearing, our court cannot determine what evidence or testimony was presented at the hearing. *See In re R.G*, 14-17-00055-CV, 2017 WL 391022, at *1 (Tex. App.—Houston [14th Dist.] Jan. 25, 2017, orig. proceeding) (per curiam) (mem. op.) (denying petition for writ of mandamus because relator failed to provide a complete transcript of the hearing). "This court cannot make a sound decision based on an incomplete picture" and "[i]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record." *In re Le*, 335 S.W.3d at 813, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

For these reasons, we deny relator's petition for writ of mandamus and motion for stay.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.