**AFFIRMED; Opinion Filed November 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00497-CV

### YADA SMITH, Appellant
### V.
### BENEFICIAL FINANCIAL I INC., ITS SUCCESSORS AND ASSIGNS, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-00031-E**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

This is an appeal from a judgment in a forcible detainer action awarding possession of a property located at 906 Ponds Court, Cedar Hill, Texas 75104–7280 ("the property") to appellee Beneficial Financial 1 Inc., and its successors and assigns ("Beneficial"). In a single issue, appellant Yada Smith argues the trial court erred because she had "a superior right to immediate possession of her mortgage." We affirm the trial court's judgment.

### BACKGROUND AND PROCEDURAL HISTORY

On or about August 27, 2007, Smith executed a Deed of Trust encumbering the property and securing a loan of $129,564. The Deed of Trust provided that if the property was sold at foreclosure, Smith or any person holding possession of the property through Smith "shall immediately surrender possession of the Property to the purchaser at the sale." It further

provided that "[i]f possession is not surrendered, Borrower [Smith] or such person shall be a tenant at sufferance and may be removed by writ of possession."

As shown by a Substitute Trustee's Deed executed on October 7, 2013, after Smith failed to repay her residential mortgage according to its terms, Beneficial purchased the property at a foreclosure sale held on October 1, 2013 for $105,300. On October 28, 2013, Beneficial sent Smith and/or all other occupants of the property notice to vacate the premises via certified mail, return receipt requested. When Smith failed to vacate the property, Beneficial filed this forcible detainer action in the Justice Court of Dallas County, Precinct Number 4–2, on November 8, 2013. After a hearing, the JP Court entered judgment in favor of Beneficial on November 25, 2013. Smith appealed the judgment to the County Court at Law Number 5 of Dallas County, which subsequently granted final summary judgment in favor of Beneficial on April 18, 2014. Smith then brought this appeal.

DISCUSSION

In her issue, Smith contends the trial court erred by awarding possession of the property to Beneficial for two reasons: (1) Beneficial did not establish its right to immediate possession of the property because it did not have the legal right to either collect on the debt or enforce the underlying security interest; and (2) the JP Court lacked subject matter jurisdiction to decide the forcible detainer action. We begin with Smith's contention regarding jurisdiction.

A forcible detainer occurs when a person, who is a tenant at sufferance, refuses to surrender possession of real property after his right to possession has ceased. TEX. PROP. CODE ANN. § 24.002(a)(2); *Aspenwood Apartment Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 632 (Tex. App.—Houston [1st Dist.] 2011), *aff'd in part, rev'd in part on other grounds*, 417 S.W.3d 909 (Tex. 2013). A forcible detainer action is "a summary, speedy, and inexpensive" procedure for determining the right to immediate possession of real property where no claim of unlawful

entry exists. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.). To prevail in a forcible detainer action, a plaintiff is required to show sufficient evidence of a superior right to possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Under Texas Rule of Civil Procedure 746, the only issue in a forcible detainer action is the right to possession. TEX. R. CIV. P. 746. The merits of title "shall not be adjudicated." TEX. R. CIV. P. 746. In forcible detainer actions, entitlement to possession of premises is decided "without resorting to an action upon the title." *Rice*, 51 S.W.3d at 710 (quoting *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (Tex. 1936)).

The jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 506; *Rice*, 51 S.W.3d at 708; *Perry v. Fed. Nat'l Mortgage Ass'n*, No. 05–14–00022–CV, 2015 WL 3961941, at *3 (Tex. App.—Dallas June 30, 2015, no pet.) (mem. op.). However, forcible detainer actions are not exclusive. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936). Forcible detainer actions are cumulative of any other remedy a party may have in the courts of this state, and the displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession. *Rice*, 51 S.W.3d at 709. "For the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law." *McGlothin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984).

Smith did not make this required showing. As noted earlier, the Deed of Trust contains a

tenant-at-sufferance clause that created a landlord-tenant relationship when the property was foreclosed. *Yarbrough v. Household Finance Corp.*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Pinnacle Premier Properties, Inc. v. Breton*, 447 S.W.3d 558, 564–65 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (opinion on rehearing). Tenant-at-sufferance clauses separate the issue of possession from the issue of title. *Pinnacle*, 447 S.W.3d at 564. A foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the foreclosure sale purchaser. *Id.* Under such circumstances, a party's complaints about defects in the foreclosure process generally do not require the justice court to resolve a title dispute before determining the right to immediate possession, and the justice court has jurisdiction. *Yarbrough*, 455 S.W.3d at 280; *Pinnacle*, 447 S.W.3d at 564.

This case is no different. Smith does not challenge the validity of the tenant-at-sufferance clause, but rather argues the foreclosure was improper because a signatory of the Mortgage Electronic Registration Systems, Inc. ("MERS") lacked authority to execute a release that Smith contends conveyed the note and deed of trust to Beneficial, and that the MERS' involvement in the foreclosure was therefore illegal. Because Smith is subject to a valid tenant-at-sufferance clause, however, she does not allege a title dispute that is intertwined with the right to immediate possession. *See Pinnacle*, 447 S.W.3d at 564 (no intertwined title issue when defendants' title dispute was based entirely on contentions foreclosure sale was conducted improperly and that lender had assigned note to another bank). When, as in this case, the party to be evicted is subject to a valid tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, defects in the foreclosure process are not relevant to possession. *Id.* Thus, the JP court, and by extension the trial court, had jurisdiction to determine this forcible detainer action.

Smith also argues that Beneficial did not establish its right to immediate possession of the property. But Smith does not provide citations to the appellate record to support her contentions. *See* TEX. R. APP. P. 38.1(i). This Court is not required to search the appellate record, without guidance from the briefing party, to determine if the record supports the party's argument. *Keyes Helium Co. v. Regency Gas Servs.,* 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.); *Rubsamen v. Wackman*, 322 S.W.3d 745, 746–47 (Tex. App.—El Paso 2010, no pet.); *Citizens Na'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489–90 (Tex. App.—Fort Worth 2004, no pet.). Nevertheless, our review of the record shows that Beneficial satisfied its burden.

The standard of review for a traditional summary judgment is well known. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). We review a trial court's decision to grant or deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007) (citing standard for appellate review of grant of summary judgment and denial of cross-motion for summary judgment). We must determine whether the movant demonstrated that no genuine issues of material fact existed and it was entitled to judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548–49. When reviewing a summary judgment, we should take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). If the trial court's order does not specify the grounds for its summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Id.* at 216; s*ee also Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

To prevail and obtain possession in its forcible detainer action, the law required Beneficial to show: (1) it owned the property by virtue of the deed from the entity that obtained

the property by substitute trustee's deed after a foreclosure sale; (2) Smith became a tenant-at-sufferance when the property was sold under the Deed of Trust; (3) Beneficial gave proper notice to Smith requiring her to vacate the premises; and (4) Smith refused to vacate the premises. TEX. PROP. CODE ANN. §§ 24.002(a)(2), 24.002(b); 24.005; *see also United States Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.); *Perry*, 2015 WL 3961941, at *3.

In support of its motion for summary judgment, Beneficial relied on four documents: (1) the Deed of Trust, (2) the Substitute Trustee's Deed, (3) the Notices to Vacate sent to Smith and all other occupants of the property, and (4) a business records affidavit related to the Notices to Vacate and the Substitute Trustee's Deed. As we discussed earlier, the Deed of Trust signed by Smith provides that if the property is sold at foreclosure, the borrower (Smith) or any person holding possession of the property through the borrower shall immediately surrender possession of the premises. If possession is not surrendered, the borrower or other persons in possession become a tenant at sufferance and may be removed by writ of possession. The Deed of Trust also states that the recitals in the Substitute Trustee's Deed shall be prima facie evidence of the truth of the statements made therein. In addition, the Substitute Trustee's Deed shows Beneficial purchased the property at the foreclosure sale and that Beneficial is, therefore, entitled to possession of the property pursuant to the tenant-at-sufferance clause contained in the Deed of Trust. Moreover, the notices to vacate provide proof of proper notice to Smith that Beneficial required her to vacate the premises. *See* TEX. PROP. CODE ANN. § 24.002(b); 24.005. This evidence was sufficient to establish Beneficial's right to immediate possession of the property.

Accordingly, the trial court did not err by granting summary judgment for Beneficial. We overrule Smith's sole issue and affirm the trial court's judgment.

140497F.P05

/s/ Lana Myers
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

YADA SMITH, Appellant

No. 05-14-00497-CV        V.

BENEFICIAL FINANCIAL 1, INC., ITS
SUCCESSORS AND ASSIGNS, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-14-00031-E.
Opinion delivered by Justice Myers. Justices
Bridges and Francis participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.  It is **ORDERED** that appellee BENEFICIAL FINANCIAL 1 INC., ITS SUCCESSORS AND ASSIGNS, recover its costs of this appeal from appellant YADA SMITH.

Judgment entered this 6th day of November, 2015.

–8–