******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KONOVER RESIDENTIAL CORPORATION, AGENT
FOR CHFA–SMALL PROPERTIES, INC. *v.*
HUSSEIN ELAZAZY ET AL.
(AC 35068)
KONOVER RESIDENTIAL CORPORATION, AGENT
FOR CHFA–SMALL PROPERTIES, INC. *v.*
RAFI KHAN ET AL.
(AC 35069)
KONOVER RESIDENTIAL CORPORATION, AGENT
FOR CHFA–SMALL PROPERTIES, INC. *v.*
MELISSA TORRIERO
(AC 35070)
KONOVER RESIDENTIAL CORPORATION, AGENT
FOR CHFA–SMALL PROPERTIES, INC. *v.*
JANUSZ STOLARCZYK ET AL.
(AC 35072)
KONOVER RESIDENTIAL CORPORATION, AGENT
FOR CHFA–SMALL PROPERTIES, INC. *v.*
RAZIN SYED ET AL.
(AC 35073)

DiPentima, C. J., and Gruendel and Peters, Js.

*Argued October 10, 2013—officially released March 4, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Housing Session, Oliver, J.)

*John L. Giulietti*, for the appellants (defendants in
each case).

*Benjamin B. Manchak*, with whom were *Joshua A.
Hawks-Ladds* and *Edward Czaczkes*, for the appellee
(plaintiff in each case).

*Opinion*

PETERS, J. A municipally-funded low to moderate income housing project in Simsbury requires its tenants annually to recertify their income and their family composition to demonstrate their continued eligibility to lease apartments in the project. The principal issue in this appeal is whether the trial court properly concluded that the owner of the project was entitled to bring a summary process action to regain possession of the property of tenants who refused to comply with this requirement. We affirm the judgments of the court.

On June 30, 2011, the plaintiff, Konover Residential Corporation, as agent for CHFA–Small Properties, Inc., brought five separate summary process actions to evict the defendants[1] from five apartments at Tuller Circle in Simsbury, known collectively as Eno Farms Cooperative Association (Eno Farms). In accordance with Eno Farms' stated objective of providing housing for very low to moderate income families, their leases required them, like all previous tenants,[2] to file annual reports that certify their income and the composition of their family. Alleging that the defendants had failed to provide the required recertifications, the plaintiff initiated proceedings for the defendants' summary removal from Eno Farms by serving each of them with a notice to quit. In response, the defendants filed motions to dismiss in which they challenged both the court's subject matter jurisdiction to hear the plaintiff's complaint and the substantive propriety of the plaintiff's claims for relief. They also filed answers and special defenses. None of the defendants' pleadings challenged the accuracy of the plaintiff's allegation that they had failed to comply with the disclosure requirements in their leases. After an evidentiary hearing, the court resolved all issues in favor of the plaintiff. The defendants have appealed, and this court consolidated their appeals. We affirm the judgments of the court.

I

Alleging that the plaintiff had failed to comply with the notice requirements of the federal Protecting Tenants at Foreclosure Act (act),[3] the defendants filed motions to dismiss the plaintiff's summary process actions. In their consolidated appeal from the court's denial of these motions, the defendants renew their contention that the recent foreclosure of the mortgage on the underlying property of Eno Farms precludes their eviction from their apartments for any reason. Like the trial court, we are not persuaded.

As the court observed: "In a summary process action based on the plaintiff's claim that the defendants' conduct constituted a violation of the rental agreement or lease of any of the rules or regulations adopted by the parties, the plaintiffs must prove, by a fair preponderance of the evidence: (1) [t]he existence of a rental

agreement (oral or written; weekly or monthly or yearly); (2) [t]he plaintiff is the lessor or owner of the premises; (3) [t]he address of the subject premises; (4) [t]he substance of the violative conduct [or] noncompliance complained of; (5) [s]ervice of the noncompliance letter in accordance with . . . General Statutes § 47a-15;[4] (6) [p]roper service of a notice to quit, including service date and termination date; and (7) [t]hat the defendant [continued] possession of the premises." (Footnote added.) On appeal, we must decide whether the evidence presented to the court supported its conclusion that the plaintiff had met its burden of proof in each of these respects. See *Sullivan* v. *Lazzari*, 135 Conn. App. 831, 845, 43 A.3d 750, cert. denied, 305 Conn. 925, 47 A.3d 884 (2012).

The court made the following findings of fact that the defendants do not contest. The plaintiff is the management agent for the owner of the Eno Farms apartment complex. The defendants occupy their apartments under continually renewing leases for one year terms. None of the leases manifest an intent to confer upon the tenants any rights of ownership in the underlying property.

Several recorded instruments and the defendants' rental agreements mandate that the premises be rented only as very low to moderate income housing. To enforce this mandate, the terms of the defendants' leases and addenda thereto expressly require them annually to recertify their income and family composition. The defendants' right to occupy the premises leased to them is expressly conditioned on their compliance with this recertification requirement. Each of the defendant-lessees has failed to recertify as required by the terms of the leases. The plaintiff properly served each of the defendants with notice of their noncompliance with these recertification requirements.

The court concluded that, as a matter of law, the defendants' lease agreements did not violate any federal or state statute. Specifically, it rejected the defendants' contention that the recent foreclosure of a mortgage on the ninety-nine year ground lease on Eno Farms' real property[5] permits them to invoke the act. The defendants' appeals challenge the validity of the court's interpretation and application of the act.

Our standard of review for claims of statutory misconstruction is well established. "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering

such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Kasica* v. *Columbia*, 309 Conn. 85, 93, 70 A.3d 1 (2013).

There is no disagreement about the policy decision reflected in the enactment of the act. The act is designed to protect residential tenants from immediate eviction when, as a result of foreclosure proceedings, there has been a change in the identity of their landlords and in the new landlord's plans for the property. To protect tenants from such unforeseen changes, the act provides that the immediate successor in interest of a foreclosed property must provide all tenants with at least ninety days notice prior to bringing an action for eviction due to the foreclosure. The act was intended to afford bona fide tenants the opportunity to remain in their apartments for the time they needed to find alternate housing.

On its face, this act is not a good fit for the defendants' refusal to honor the disclosure requirements in their leases. The record discloses no factual or legal relationship between the mortgage foreclosure and the defendants' failure to recertify their financial circumstances. Under the defendants' construction of the act, any tenant could invoke the fact of the mortgage foreclosure to justify noncompliance with any and all provisions of their individual leases, including, for example, the obligation to pay rent. We are not persuaded that Congress intended the act to have such far-reaching consequences.

II

Next, the defendants also claim that the court improperly failed to dismiss the plaintiff's summary process actions because of the plaintiff's failure to give the defendants timely notices to which they were allegedly entitled by General Statutes §§ 47a-15 and 47a-23.[6] The defendants maintain, without the citation of authority, that the court should have addressed the relevance of these statutes either sua sponte or in response to their motion to reargue, which the court denied without a hearing. The defendants do not, however, claim that they were in fact unaware of their contractual obligations or their breach thereof. Nor do they claim that they were misinformed about the plaintiffs' intention to terminate the defendants' residence at Eno Farms because of their refusal to comply with an unambiguous and material provision of their leases. Similarly, the

defendants claim that the court improperly failed to dismiss the plaintiffs' summary process action because General Statutes (Rev. to 2005) § 8-436[7] and General Statutes § 47-2[8] rendered illegal the lease provisions requiring income certification. Again, the defendants fail to provide any authority in support of their argument, which was not addressed substantively by the trial court.

We are not persuaded that the defendants' statutory claims are properly before us. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Baranowski* v. *Safeco Ins. Co. of America*, 119 Conn. App. 85, 89 n.4, 986 A.2d 334 (2010). As the defendants have neither explained the significance of the statutes on which they rely, nor identified any possible impropriety by the court in interpreting them, these claims must be considered abandoned.

### III

Finally, the defendants claim that the court erred in concluding that their special defense of ownership was barred by the doctrine of collateral estoppel. We disagree.

The court, in denying the defendants' motions to dismiss, concluded that the issue of ownership was "determined in an earlier proceeding between the same parties or those in privity with them" and that the issue was "fully, fairly and apparently exhaustively litigated." In claiming that this conclusion was in error, the defendants have provided no analysis of the doctrine of collateral estoppel. Without an argument as to how the court erred in applying the doctrine, we cannot address this claim and therefore deem it to be abandoned.

The judgments are affirmed.

In this opinion the other judges concurred.

[1] The defendants in each of the underlying actions are: Hussein Elazazy, Fathia Rassyoun, Rana Elazazy, and Reem Elazazy in AC 35068; M. Rafi Khan, Frahana Khan, Nabila Khan, and Hamila Khan in AC 35069; Melissa Torriero in AC 35070; Janusz Stolarczyk and Agata Stolarczyk, in AC 35072 and Razin Syed, Rizuana Afag, Ammar Syed, Shaima Afaq, and Marium Afaq in AC 35073.

[2] See *Connecticut Housing Finance Authority* v. *Eno Farms Ltd. Partnership*, Superior Court, judicial district of Hartford, Docket No. CV-07-5008995 (June 12, 2009) (48 Conn. L. Rptr. 66).

[3] The act provides in relevant part: "In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to . . . the provision, by such successor in interest of a

notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice . . . ." Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009).

[4] General Statutes § 47a-15 provides in relevant part: "Prior to the commencement of a summary process action . . . if there is a material noncompliance by the tenant with the rental agreement . . . and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than fifteen days after receipt of the notice."

[5] For additional authority, see *Connecticut Housing Finance Authority* v. *Eno Farms Ltd. Partnership*, Superior Court, judicial district of Hartford, Docket No. CV-07-5008995 (June 12, 2009) (48 Conn. L. Rptr. 66). Therein Judge Satter also found that some Eno Farms tenants, in particular those who were part of a so-called Association, had interfered with the orderly collection of rental payments, and therefore ordered the Association to be dissolved. That judgment was not appealed.

[6] General Statutes § 47a-23 provides in relevant part: "When the owner or lessor . . . desires to obtain possession or occupancy of . . . any apartment in any building . . . and . . . when a rental agreement or lease of such property, whether in writing or by parol, terminates for . . . violation of the rental agreement or lease . . . such owner or lessor . . . shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease . . . ."

[7] General Statutes (Rev. to 2005) § 8-436 (a) provided in relevant part: "The [Comissioner of Economic and Community Development] shall not require limited equity cooperatives to establish . . . income tests for eligibility for continued occupancy . . . ." This statute has since been repealed. Public Acts 2006, No. 06-93, § 22.

[8] General Statutes § 47-2 provides in relevant part: "All estates granted for the . . . relief of the poor . . . or for any other public and charitable use, shall forever remain to the uses to which they were granted, according to the true intent and meaning of the grantor, and to no other use whatever."