

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00200-CV

FRED MOSELY                                                          APPELLANT

V.

AMERICAN HOMES 4 RENT                                          APPELLEE
PROPERTIES EIGHT, LLC

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2015-001748-1

----------

## MEMORANDUM OPINION[1]

----------

Appellant Fred Mosely, appearing pro se, appeals the trial court's

judgment that awards possession of certain real property to appellee American

Homes 4 Rent Properties Eight, LLC.  In two issues, appellant contends that the

---

[1]*See* Tex. R. App. P. 47.4.

judgment is erroneous because the trial court lacked jurisdiction and because he received inadequate notice to leave the premises under federal law. We affirm.

## Background Facts

In February 2014, in a justice court, appellee filed an original petition for forcible entry and detainer.[2] Appellee alleged that it had acquired title to certain real property in Fort Worth through a substitute trustee's sale and that under the terms of a 2006 deed of trust, appellant and any other occupants of the property had become tenants at sufferance. Appellee also alleged that it had instructed appellant to vacate the premises and that appellant had refused to do so.[3]

To the petition, appellee attached a copy of the substitute trustee's deed. That document stated that Kimberly Wempa (whom appellee sued along with appellant) had executed a deed of trust in 2006 to secure payment on a note and had defaulted in making payments and that the property had been sold at a foreclosure sale to appellee. The substitute trustee's deed conveyed the property to appellee in fee simple.

Appellee also attached a copy of the 2006 deed of trust. That document recited that Wempa had agreed to pay the debt evidenced by the note related to the property and that if she did not do so, the lender could accelerate the note

---

[2]See Tex. Prop. Code Ann. §§ 24.001–.011 (West 2014 & Supp. 2015).

[3]The record contains a January 31, 2014 letter from appellee to appellant that notified appellant about the foreclosure and trustee's sale and instructed him to vacate the property within three days. The letter stated that if appellant did not vacate the property, appellee could file suit without further notice.

and sell the property. The deed of trust recited, "If all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument." Finally, that document also stated,

> If the Property is sold[,] . . . Borrower[4] or any person holding possession of the Property through the Borrower shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

In March 2015, the justice court rendered a judgment in appellee's favor and ordered that appellee had the right to possess the property. Appellant appealed to the trial court and filed an answer to appellee's petition for forcible entry and detainer.[5] In the answer, appellant contended that the trial court lacked jurisdiction over appellee's petition because the cause involved "not possession only but . . . a title dispute." Appellant also contended that appellee had failed to comply with federal law in providing notice of eviction.

Appellee filed a motion for summary judgment. In the motion, appellee alleged that conclusive evidence showed that the property had been sold to it in

---

[4]The deed of trust named Wempa as the "Borrower." It recited that Wempa had executed a note in June 2006 to repay $123,360 and that the deed of trust intended to secure to the lender the repayment of the note.

[5]See Tex. Prop. Code Ann. § 24.004(a), Tex. R. Civ. P. 506.3, 510.10(c); see also Rice v. Pinney, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.) ("Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo.").

3

October 2013 through a nonjudicial foreclosure, that appellant and Wempa had thereafter refused to vacate the property and were tenants at sufferance, and that the substitute trustee's deed gave appellee a greater right to possess the premises than appellant. Thus, appellee contended that it was entitled to judgment for possession of the premises and to the issuance of a writ of possession. Appellee attached the substitute trustee's deed, the deed of trust, and the January 2014 letter instructing appellant to vacate the premises.

Appellant filed a response to appellee's motion. He argued that he owned an equitable interest in the property "stemming from a Residential Contract for Deed" that conveyed Wempa's interest to him. He contended that he had paid substantial money toward the purchase of the property for more than five years. He recognized that Wempa's note had been accelerated and that the property had been "purportedly sold at [a] foreclosure sale" to appellee, but he asserted that his contract for deed created a title dispute that deprived the trial court of jurisdiction. He argued, "In this matter the right to possession is dependent on the Residential Contract for Deed through which [appellant] has an equitable interest and therefore the justice court and the county court lack jurisdiction . . . ." Finally, he argued that appellee had given him inadequate notice to leave the premises under the Protecting Tenants at Foreclosure Act of 2009.[6] Appellant

---

[6]Pub. L. No. 111-22, §§ 701–04, 123 Stat. 1632, 1660–62 (2009). This statute originally had a sunset date of December 31, 2012, and Congress later changed the sunset date to December 31, 2014, when the law expired. *See Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 157 n.3 (6th Cir. 2014).

4

attached an affidavit stating facts concerning the contract for deed, his payment of sums toward the purchase, and his alleged equitable ownership interest in the premises. He also attached the contract for deed, which he and Wempa signed in 2009.

The trial court granted appellee's motion for summary judgment. Like the justice court, the trial court entered a judgment awarding appellee possession of the premises. Appellant brought this appeal.[7]

## Jurisdiction

In his first issue, appellant contends that the trial court erred by rendering judgment in favor of appellee because he presented evidence showing a legitimate title issue based on his equitable interest in the property, therefore depriving the trial court of jurisdiction. As another intermediate appellate court has explained,

> The procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer. A forcible detainer action is a special proceeding governed by particular statutes and rules. It was created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises. . . . Thus, the sole issue in a forcible detainer suit is who has the right to *immediate* possession of the premises.

*Rice*, 51 S.W.3d at 709 (citations omitted).

A justice court or county court at law is not deprived of jurisdiction in a forcible detainer action merely because of the existence of a title dispute.

---

[7]*See* Tex. Prop. Code Ann. § 24.007(b).

*Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *see Rice*, 51 S.W.3d at 709 ("Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court."). In most cases, "the right to immediate possession can be determined separately from the right to title. The trial court is deprived of jurisdiction only if the determination of the right to immediate possession *necessarily requires* the resolution of the title dispute." *Schlichting*, 346 S.W.3d at 199; *see also Girard v. AH4R I TX DFW, LLC*, No. 02-13-00112-CV, 2014 WL 670198, at *2 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op.) (explaining that a "judgment of possession in a forcible detainer action is a determination only of the right to *immediate* possession and does not determine the *ultimate* rights of the parties to any other issue in controversy relating to the realty in question"); *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.) ("If . . . the question of title is so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title, then the justice courts and, on appeal, the county courts, lack jurisdiction over the matter.").

"Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Schlichting*, 346 S.W.3d at 199; *see Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—

6

Houston [14th Dist.] 2015, no pet.) ("[A] deed of trust may include a tenancy-at-sufferance clause that creates a landlord-tenant relationship when the property is foreclosed. Under these circumstances, a defendant's complaints about defects in the foreclosure process generally do not require a justice court to resolve a title dispute before determining the right to immediate possession, and the justice court has jurisdiction." (citation and footnote omitted)); *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g) ("[B]ecause the deed of trust contained a valid tenant-at-sufferance clause, appellees do not allege a title dispute that is intertwined with the right of immediate possession.").

Appellant does not dispute that the evidence proves that a foreclosure occurred, that appellee acquired the property, or that Wempa became a tenant at sufferance under the terms of the deed of trust that she executed. But he argues that his contract for deed gives him an equitable interest that precludes his eviction. Appellee contends that any interest held by appellant was subject to the lien held by the lender. Texas authority supports appellee's position.

For example, in *Breton*, Melba and Howard Johnson executed a deed of trust on property to secure payment of a note, and their interest was ultimately transferred to Breton (along with other parties). 447 S.W.3d at 561. The Johnsons defaulted under the note, and Pinnacle Premier Properties bought the property at a foreclosure sale. *Id.* Although the Johnsons' deed of trust had a tenant-at-sufferance clause similar to the clause in this case, Breton argued that

7

he was not subject to the clause because he was not a party to the Johnsons' deed of trust, and he therefore contended that a title dispute existed. *Id.* at 563–64. Our sister intermediate appellate court rejected that argument, stating,

> [A] deed of trust's tenant-at-sufferance clause binds subsequent occupants whose interests are junior to the deed of trust. . . . Thus, a grantor subject to a tenant-at-sufferance clause cannot convey an interest in the property free of the clause. In this regard, both the party who agreed to the deed of trust initially and any subsequent occupants become tenants-at-sufferance following foreclosure.

*Id.* at 564 (citations omitted); *see Borunda v. Fed. Nat'l Mortg. Ass'n*, No. 08-13-00331-CV, 2015 WL 7281536, at *4 (Tex. App.—El Paso Nov. 18, 2015, no pet. h.) ("Because Aurora Borunda encumbered her interest in the Property with a deed of trust containing a tenant-at-sufferance clause, any party claiming a derivative interest in the Property, including Linda Borunda, was also properly subject to the deed of trust's restrictions."); *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *4 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd) (mem. op.) ("Generally, a deed of trust's tenant-at-sufferance clause binds subsequent occupants whose interests are junior to the deed of trust."); *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 418 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (holding that where a grantor was subject to a deed of trust containing a tenant-at-sufferance clause, the grantee was therefore also subject to the clause).

Under the cases above, through the tenant-at-sufferance clause in the deed of trust, the trial court could determine the immediate right to possess the

8

property without resolving the ultimate issue of title to the property, and appellee proved its superior right to possess the property. *See Breton*, 447 S.W.3d at 564–65; *Schlichting*, 346 S.W.3d at 199; *see also Ford v. US Bank Nat'l Ass'n*, No. 01-07-00183-CV, 2008 WL 4670514, at *3 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, no pet.) (mem. op.) (holding that an intervening purchaser was subject to a tenant-at-sufferance clause in a deed of trust and that possession rights to the property could therefore be determined without resolving the ultimate issue of title to the property). We hold that the trial court had jurisdiction to grant relief to appellee, and we overrule appellant's first issue.[8] *See Breton*, 447 S.W.3d at 565.

### Federal Law

In his second issue, appellant argues that appellee failed to give appellant adequate notice to leave the premises under the federal Protecting Tenants at Foreclosure Act of 2009. That law protected bona fide tenants who paid rent from forcible entry and detainer suits when their landlords' property was foreclosed upon and sold. Pub. L. No. 111-22, § 702, 123 Stat. at 1660–61; *see Mik*, 743 F.3d at 157 ("Congress enacted the PTFA as a temporary measure during the mortgage foreclosure crisis. The PTFA protect[ed] tenants who reside[d] in properties that [were] subject to foreclosure by imposing certain obligations on successors in interest to foreclosed properties." (footnote

---

[8]We express no opinion on any title issues concerning the property.

9

omitted)).  Specifically, it provided that a purchaser of property through foreclosure—a "successor in interest"—assumed its interest in the property subject to

>    (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

>    (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure--

>>    (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or

>>    (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1), except that nothing under this section shall affect the requirements for termination of any federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

Pub. L. No. 111-22, § 702(a)(1)–(2), 123 Stat. at 1661.  But a lease or tenancy was only "bona fide," and therefore subject to the Act's requirements, when the lease or tenancy preexisted foreclosure, was the result of an arms-length transaction, and required payment of rent.  *Id.* § 702(b)(2)–(3), 123 Stat. at 1661.

Here, the record does not contain any evidence establishing that appellant was a bona fide tenant or possessed the property through a bona fide lease

10

before the foreclosure and sale of the property to appellee,[9] nor does appellant provide sufficient analysis in his briefing about how or why the Act applies to him. Thus, appellant cannot show that the Act applies or that the trial court's judgment is erroneous based on appellee's failure to comply with it. We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED:  December 10, 2015

---

[9]In fact, appellant's position that he has a claim to title of the property by the contract for deed seems to be at odds with any contention that he qualifies as a tenant who leased the property before the foreclosure. Appellant cites no authority establishing that the Act applied under circumstances similar to those here, and we have found none. *Cf. Konover Residential Corp. v. Elazazy*, 148 Conn. App. 470, 476, 87 A.3d 1114, 1118 (2014) ("The act [was] designed to protect residential tenants from immediate eviction when, as a result of foreclosure proceedings, there [was] a change in the identity of their landlords and in the new landlord's plans for the property.").

11