**Affirmed and Memorandum Opinion filed July 13, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00516-CV

## ANTONIO RUIZ, MARTHA RUIZ, AND ALL OCCUPANTS OF 11207 BAYOU PLACE, HOUSTON, TEXAS, 77099, Appellants

**V.**

## INVUM THREE, LLC, Appellee

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1134013**

## MEMORANDUM OPINION

In this forcible-detainer action, appellants Antonio Ruiz, Martha Ruiz, and all occupants at 11207 Bayou Place Lane, Houston, Texas, 77099 appeal a judgment in favor of appellee Invum Three, LLC ("Invum"). In three issues that we address as one, appellants argue the trial court lacked jurisdiction over the suit.[1] We affirm.

---

[1] While appellants list three issues in their brief, all the issues argue that the trial court lacked jurisdiction. Specifically, appellants' issues are: (1) whether the trial court erred in denying appellants' plea to the jurisdiction; (2) whether Invum met its burden of proof of establishing the existence of a landlord-tenant relationship with appellants; and (3) whether, as a result of a flawed

# I. BACKGROUND

On March 28, 2019, Invum filed a forcible detainer petition, i.e., an eviction suit, in Justice of the Peace Court Precinct 5, Place 2 of Harris County seeking to remove Antonio Ruiz ("Antonio"), Martha Ruiz ("Martha"), and all other occupants residing at 11207 Bayou Place Lane, in Houston, Texas. Tex. Prop. Code Ann. § 24.004. Invum's petition stated that Invum purchased the premises at a foreclosure sale on February 5, 2019, and that Invum provided appellants with notice to vacate on March 21, 2019.

On April 16, 2019, appellants filed an original answer and a plea to the jurisdiction. In their plea to the jurisdiction, appellants alleged that "they never received notice of the foreclosure and that there were irregularities in the sale as it related to the outstanding mortgage principal balance due." As such, according to appellants, "the claim of [Invum] in this case is necessarily dependent upon the determination of the wrongful nonjudicial foreclosure action of [Invum]" and is therefore within the "exclusive jurisdiction [of] the State District Courts . . . ." The justice court signed a judgment in favor of Invum.[2] *See* Tex. Prop. Code Ann. § 24.004. Appellants appealed to the county court. Tex. R. Civ. P. 509.8.

---

foreclosure proceeding in which Invum purchased appellants' property, disputed title and ownership issues remain directly intertwined with the right to possession thereby depriving the trial court of jurisdiction. Furthermore, appellants present their first two issues together, and in essence argue that the trial court erred when it denied their plea to the jurisdiction because Invum failed to prove the existence of a landlord-tenant relationship. We will address all the issues together as one issue.

[2] In the justice court, Invum sued "Antonio R Ruiz" and "Martha Ruiz, and all occupants." "JEANNETTE ALEJANDRA RUIZ Defendants' et.al." answered. The justice court rendered judgment for plaintiff Invum Three, LLC for "Possession Only" against defendants "Antonio R Ruiz; Martha Ruiz." The justice court's court judgment further stated, "The court denies all other relief not granted above." "Antonio Ruiz et.al." filed a notice of appeal to the county court and posted an appeal bond. The appeal bond was posted by "Antonio Ruiz, Martha Ruiz, et.al" and the "Defendant Information" line listed "Antonio Ruiz/Martha Ruiz." The county court at law rendered judgment against "ANTONIO R RUIZ, MARTHA RUIZ, and/or ALL OCCUPANTS OF 11207 BAYOU PLACE LN, HOUSTON, TX 77099."

At trial de novo before the county court, Invum introduced three exhibits into evidence: (1) a copy of a substitute trustee's deed, providing that Invum purchased the property at foreclosure after Antonio and Martha defaulted on their note; (2) a copy of the deed of trust executed by Antonio and Martha in favor of their mortgage lender; and (3) a copy of the notice to vacate Invum sent to appellants. Appellants did not object to the admission of the exhibits. The deed of trust executed by Antonio and Martha provided, in relevant part:

> **18. Foreclosure Procedure.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place[,] and terms of sale . . . . Borrower authorizes Trustee to sell the property to the highest bidder . . . . If the Property is sold pursuant to this paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be renewed by writ or possession.

Invum's authorized representative, Jose Portillo, testified that the notice to vacate was mailed "through regular and certified mail" to "the home address on March 21st of" 2019. Portillo testified that he knew appellants received the notice because they contacted him to say "they had an attorney that was representing them." Appellants reiterated their jurisdictional argument based on an alleged wrongful foreclosure. The county court signed and entered a judgment in favor of Invum on June 17, 2019, and this appeal followed.

---

At this court's suggestion, appellants amended their notice of appeal to state the name of each party filing the notice. In the amended notice of appeal, the appellants are listed as: "(a) Antonio Ruiz; (b) Martha Ruiz; and (c) All Occupants of 11207 Bayou Place Lane, Houston, Texas 77099." While the justice court did not render judgment against "all occupants," any error in the county civil court at law's judgment has not been challenged on appeal. In any case, any such error in the county civil court at law's judgment is not fundamental error. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510–14 (Tex. 2018) (op. on reh'g).

3

## II.  JURISDICTION

In their sole issue, appellants argue the trial court lacked jurisdiction.

### A.  Standard of Review

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 400, 446 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

### B.  Applicable Law

A forcible detainer action is a procedure to determine which party has the superior right to immediate possession of real property. *Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see Volum Millwork, Inc. v. W. Hous. Airport Corp.*, 218 S.W.3d 722, 726 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Forcible-entry-and-detainer actions provide a speedy, summary, and inexpensive determination of the right to the immediate possession of real property."). To obtain the right of possession through a forcible-detainer action, the plaintiff is not required to prove title but need only supply sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Tellez*, 612 S.W.3d at 709. A plaintiff in a forcible detainer suit must show that: (1) it is the owner of the property, (2) the defendant is a tenant at sufferance or at will, (3) it made a written demand for possession, (4) the plaintiff gave notice to the defendant to vacate the premises, and (5) the defendant refused to vacate the premises. *See* Tex. Prop. Code Ann. §§ 24.002, 24.005; *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017).

A justice court in the precinct where the real property is located has jurisdiction over forcible-detainer suits. Tex. Gov't Code Ann. § 27.031(a)(2); Tex. Prop. Code Ann. § 24.004(a); *Tellez*, 612 S.W.3d at 709. In contrast, a justice court lacks jurisdiction to adjudicate title, which is within the jurisdiction of the district

4

courts. *Tellez*, 612 S.W.3d at 709; *see Doggett v. Nitschke*, 498 S.W.2d 339, 339–40 (Tex. 1973) (op. on reh'g) (per curiam). Thus, a forcible-detainer action in justice court determines only the right to actual possession of the property; such a proceeding cannot resolve title disputes, which may be addressed in a separate suit in a court of proper jurisdiction. Tex. R. Civ. P. 510.3(e); *Tellez*, 612 S.W.3d at 709. Furthermore, the mere existence of a title dispute does not necessarily deprive the justice court of jurisdiction. *Tellez*, 612 S.W.3d at 709.

The justice court's judgment may be appealed to the county court for a trial de novo. Tex. R. Civ. P. 509.8, 510.10(c). "In a forcible-detainer appeal, the [statutory] county court has no greater jurisdiction than the justice court had." *Tellez*, 612 S.W.3d at 709.

## C.     Analysis

Appellants first argue that the justice court lacked jurisdiction because Invum failed to show that a landlord-tenant relationship existed between appellants and Invum. *See* Tex. Prop. Code Ann. §§ 24.002, 24.005; *Bradberry*, 526 S.W.3d at 478. Specifically, appellants argue that "the FHA Deed of Trust signed by the [a]ppellants in March of 1999 . . . does not contain a tenancy-at-sufferance clause that creates a landlord-tenant relationship when the property is foreclosed."

A forcible detainer action is available when "a tenant at will or sufferance" "refuses to surrender possession of real property on demand." Tex. Prop. Code Ann. § 24.002(a)(2). A tenant at sufferance is a tenant who has been in lawful possession of property and wrongfully remains as a holdover after the tenant's interest expired. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.— Houston [14th Dist.] 2014, no pet.). In the event of a foreclosure, a tenancy-at-sufferance clause in a deed of trust creates a tenancy between the new owner of the real property and the foreclosed-on party. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Here, Invum admitted into evidence the deed of trust executed by Antonio and his wife Martha in favor of their mortgage lender when they obtained a mortgage on the property. Under a section titled "Foreclosure Procedure," the deed of trust executed by appellants provides that, "[i]f possession is not surrendered [in the event the property is foreclosed on and the trustee sells the property to the highest bidder], Borrower or such person shall be a tenant at sufferance and may be renewed by writ or possession." Therefore, contrary to appellants' assertion, the record shows that appellants were tenants at sufferance based on the clause included in the deed of trust. *See Alanis*, 616 S.W.3d at 6.

Appellants next argue that, "as a result of flawed foreclosure proceeding in which [Invum] purchased [a]ppellants' real property, disputed title and ownership issues remain directly intertwined with the right to possession in the case at bar, thereby depriving the [trial] court [of] jurisdiction." Specifically, appellants assert that "they never received notice of the foreclosure, as mandated in § 51.002 of the Texas Property Code"; and that "pursuant to the notice provisions of [§] 51.002 of the Texas Property Code, they were not in default and CitiMortgage failed to accurately account for all mortgage payments and properly validate the debt before it wrongfully conducted the foreclosure sale . . . ." We also reject this argument.

The complaints raised by appellants are essentially that the foreclosure was invalid, the basis of which is a dispute as to Invum's title to the property. As noted above, a plaintiff in a forcible-detainer action is not required to prove title to prevail; instead, the plaintiff is required to show "sufficient evidence of ownership" to demonstrate a superior right to immediate possession. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Thus, a justice court is not deprived of jurisdiction merely because there is a title dispute; rather, it is deprived of jurisdiction only if the right to immediate possession necessarily requires resolution of the title dispute. *Id.*

6

Here, appellants do articulate a title dispute, namely that the foreclosure by which Invum claims title was improper, and therefore, cannot support a superior claim for possession. However, tenant-at-sufferance clauses, like the one here, separate the issue of possession from the issue of title. *Breton*, 447 S.W.3d at 564 ("When the party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, defects in the foreclosure process are not relevant to possession."); *see Yarbrough*, 455 S.W.3d at 280–81. Because the deed executed by Antonio and Martha included a tenant-at-sufferance clause, the alleged title dispute is not intertwined with the right to immediate possession. *See Yarbrough*, 455 S.W.3d at 280–81; *Breton*, 447 S.W.3d at 564 ("Under these provisions, a foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the foreclosure-sale purchaser."). And as appellants concede in their appellate brief, they are pursuing a legal action regarding their claim of wrongful foreclosure in the district court—the court capable of granting relief for such a claim. *See Breton*, 447 S.W.3d at 564 ("Of course, the displaced party can still dispute the purchaser's title, but it must bring a separate suit to do so.").

Appellants' three issues are overruled.

### III.   CONCLUSION

The judgment of the trial court is affirmed.


/s/     Margaret "Meg" Poissant
Justice


Panel consists of Justices Spain, Hassan, and Poissant.